JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILLAGE POINTE, a CA CORP., <br><br> Plaintiff, <br><br> vs. <br><br> ESMERALDA ARANDA AND JAIRO ARANDA, DOES 1 through 10, <br><br> Defendants. | CASE NO. CV 14-09778-MMM (MANx) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

On December 22, 2014, Esmeralda Aranda and Jairo Aranda ("Defendants") filed a Notice of Removal of an unlawful detainer action commenced by a complaint filed against them on October 16, 2014 (the "Complaint"), in Los Angeles Superior Court Case No. 14R10877. Defendants also presented applications to proceed *in forma pauperis*. The Complaint alleges what appears to be a routine state law unlawful detainer claim against Defendants (the "Unlawful Detainer Action"). The Court has denied the *in forma pauperis* applications under separate cover, because the Unlawful Detainer Action was not properly removed. To prevent the Unlawful Detainer Action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Defendants allege that the Complaint is removable, because this Court has original jurisdiction over the Unlawful Detainer Action pursuant to 28 U.S.C. § 1331. However, given that the Complaint does not allege any basis for federal subject-matter jurisdiction, there is no basis for concluding that the Unlawful Detainer Action could have been brought in federal court in the first place; therefore, removal is improper. 28 U.S.C. § 1441; *see* Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611 (2005).

With respect to federal question jurisdiction, the Complaint presents a routine state law unlawful detainer action and does not raise any federal question or issue. Defendants assert that federal question jurisdiction exists, because: they filed a demurrer in the Unlawful Detainer Action based on the argument that Plaintiff did not comply with the notice requirements of California Code of Civil Procedure § 1161(2); their demurrer was not sustained; and a resolution of the issue raised by the demurrer requires a determination of Defendants' rights and Plaintiff's duties under federal law. To removal a case based upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint which the defendant seeks to remove. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and "the question for removal jurisdiction must" be determined based upon the complaint's allegations). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* Even if Defendants could establish that Plaintiff has engaged in wrongful conduct in violation of federal law in connection with the rental property that is the subject of the Unlawful Detainer Action, this would be a defense or cross-claim in that state action and/or the basis for a separate lawsuit, which does not confer federal question jurisdiction over the Unlawful Detainer Action.

Defendants do not contend that diversity jurisdiction exists. The Complaint shows that the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. Indeed, the Complaint expressly alleges that the amount demanded "does not

1 exceed $10,000." Thus, diversity jurisdiction is lacking. *See* 28 U.S.C. § 1332(a).

2     Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Santa Monica Courthouse, 1725 Main Street, Santa Monica, CA 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies of this Order on the parties.

    IT IS SO ORDERED.

DATED: January 15, 2015

                                       */s/ Margaret M. Morrow*
                                  MARGARET M. MORROW
                                  UNITED STATES DISTRICT JUDGE